**PUBLISH**

**UNITED STATES COURT OF APPEALS**

Filed 7/2/96

**TENTH CIRCUIT**

JAMIE LOWE,

       Plaintiff-Appellant,

v.

ANGELO'S ITALIAN FOODS, INC.,
and its Representatives, and ANGELO
FASCIANO and JOHN P. FASCIANO,

       Defendants-Appellees.

No. 95-3064

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 93-CV-1233)

José Hurlstone-Peggs (William L. Fry with her on the brief) of William L. Fry, P.A., Wichita, Kansas, for Plaintiff-Appellant.

Alexander B. Mitchell, II, of Klenda, Mitchell, Austerman & Zuercher, L.L.C., Wichita, Kansas, for Defendant-Appellees.

(John P. Rowe, General Counsel (Acting), (Gwendolyn Young Reams, Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, John F. Suhre, Attorney, with him on the brief), Washington, D.C., filed an amicus curiae brief for the equal Employment Opportunity Commission.)

Before **BALDOCK, BRISCOE,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

Defendant terminated plaintiff's employment and plaintiff responded by filing this action, alleging violations of both the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. Plaintiff also sought recovery for intentional infliction of emotional distress. The district court granted summary judgment to defendants. The court held that plaintiff was not disabled under the ADA; that she had failed to present a prima facie case of sex discrimination; and that she had failed to allege sufficient facts to support her state law claim for intentional infliction of emotional distress. We affirm the grant of summary judgment to defendants on plaintiff's Title VII and pendent state law claims. We reverse the grant of summary judgment on plaintiff's ADA claim, however, because plaintiff has presented evidence which creates a genuine issue of fact with respect to whether her ability to lift is substantially impaired. We hold that lifting is a "major life activity" and that an individual whose ability to lift is substantially impaired qualifies as a disabled person within the meaning of the ADA.

In late August 1992, plaintiff Jamie Lowe began work for defendant Angelo's Italian Foods, an Italian restaurant located in Wichita, Kansas. Her duties included purchasing and inventory control. When Lowe initially interviewed for a position at Angelo's, she heard a line cook remark "no skirts in the kitchen." Because the cook who made this remark left Angelo's the very next day, Lowe never saw him again.

In addition, during the nine weeks she was employed at Angelo's, Lowe's supervisor, defendant Angelo Fasciano, referred to her as "girl" or "girlie" when he couldn't remember her name. Fasciano also required Lowe to wear dress clothes, while two of her male co-workers were allowed to wear jeans and t-shirts. Once when Lowe wore red slacks and a red shirt to work, Fasciano told her "no more of this red thing."

On October 22, 1992, Lowe presented Fasciano with a letter from her doctor. The letter stated:

> Jamie Lowe has seen me recently regarding pain and weakness in her right leg. Because of her neurological problems she fatigues exceedingly easily and needs to be able to sit down occasionally. She is not going to be able to do lots of stooping, bending and cannot carry anything heavy (greater than 15 lbs.) and anything up to 15 lbs. only occasionally. She should avoid stairs. She needs to use a hand rail if she has to climb stairs, so [sic] cannot climb stairs and carry anything.

Lowe was terminated that same day. She was thereafter diagnosed with multiple sclerosis.

This court reviews the district court's entry of summary judgment *de novo*, applying the same legal standard used by the district court. *Schusterman v. United States*, 63 F.3d 986, 989 (10th Cir. 1995), *cert. denied*, 64 U.S.L.W. 3778 (U.S. May 20, 1996). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment should be denied "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Lowe first argues that the district court erred by granting summary judgment to defendants on her ADA claim. Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, [or] the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a). To maintain a claim for wrongful discharge under the ADA, a plaintiff must demonstrate (1) that she is a disabled person within the meaning of the ADA; (2) that she is able to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer terminated her because of her disability. *White v. York Int'l Corp.*, 45 F.3d 357, 360-61 (10th Cir. 1995).

The term "disability" is defined as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). The term "major life activity" as defined in the regulations implementing the ADA encompasses "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(i). The appendix to the regulations provides that "other major life activities include, but are not limited to, sitting, standing, lifting, reaching." 29 C.F.R. Pt. 1630, Appendix to Part 1630--Interpretive Guidance to Title I of the ADA, § 1630.2(i) (citing S. Rep. No. 116, 101st Cong., 1st Sess. 22 (1989); H.R. Rep. No. 485 part 2, 101st Cong., 2d Sess. 52 (1990); H.R. Rep. No. 485 part 3, 101st Cong., 2d Sess. 28 (1990)).

The term "substantially limits" means "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(ii). The three factors to be considered when determining whether an impairment substantially limits a major life activity are "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the

expected permanent or long term impact of or resulting from the impairment." *Id.* § 1630.2(j)(2).

Three additional factors may be considered when the individual claims that the impairment substantially limits her in the major life activity of working. *Id.* § 1630.2(j)(3)(ii). These factors are:

> (A) [t]he geographical area to which the individual has reasonable access;
> (B) [t]he job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
> (C) [t]he job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

*Id.* Focusing on these additional factors, the district court held that Lowe failed to present evidence that her impairment was substantially limiting.

Applying the first three factors laid out in the regulations, the evidence indicates that Lowe suffers from multiple sclerosis or MS; that as a result of her MS, Lowe is unable to lift items weighing more than fifteen pounds and that she should lift items weighing less than fifteen pounds only occasionally; that MS is a neurological disease for which there is no known cure; and that the long-term impact of the disease will vary depending on the form the MS takes. We hold that lifting is a major life activity and that the evidence creates a genuine issue of

material fact with respect to whether Lowe's impairment substantially limits her ability to lift. It is thus unnecessary to consider the additional factors relied upon by the district court.

Defendants' arguments to the contrary are unavailing. Defendants urge that Lowe has failed to present evidence comparing her ability to lift with the ability of the average person. They assert that she has not demonstrated the impact of her condition on her life away from work. While the court agrees that more specific evidence on these issues will be helpful to the trier of fact on remand, Lowe has nevertheless presented sufficient evidence to withstand summary judgment.

Defendants argue, in the alternative, that even if Lowe has created a genuine issue of fact with respect to whether she suffers from a disability under the ADA, she has nevertheless failed to demonstrate that she is qualified for her position at Angelo's. This court has adopted a two-part analysis for determining whether a disabled individual is qualified under the ADA:

> First, we must determine whether the individual could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue. Second, if (but only if) we conclude that the individual is not able to perform the essential functions of the job, we must determine whether any reasonable accommodation by the employer would enable him to perform those functions.

*White*, 45 F.3d at 361-62 (quoting *Chandler v. City of Dallas*, 2 F.3d 1385, 1393-94 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1386 (1994)).

Defendants concede that there is a genuine issue of material fact as to the essential functions of Lowe's job at Angelo's. Nevertheless, they argue that the statement of Marsh Sears, an occupational therapist who examined Lowe after her dismissal, mandates a finding that Lowe is not qualified as a matter of law. Based on Lowe's decreased endurance and strength, Sears concluded that Lowe was "not a candidate for employment at this time as a kitchen manager." Sears's general statement does not, however, address the essential functions of Lowe's job at Angelo's, nor does it conclusively establish that Lowe is unable to perform those functions. Moreover, a finding that Lowe cannot perform the essential functions of her job does not end the inquiry. If the trial court finds that Lowe is unable to perform the essential functions of her position, it must then determine whether any reasonable accommodation by defendants would enable her to perform those functions. Because Lowe has raised a genuine issue of material fact as to the essential functions of her job at Angelo's, summary judgment premised on the testimony of the occupational therapist is inappropriate.

Because the district court held that Lowe had failed to establish a prima facie case, it did not reach her claim that defendants discriminated against her by failing to provide reasonable accommodations for her impairment. Under the

-8-

ADA, prohibited discrimination includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). Because Lowe has raised a genuine issue of fact with respect to whether she suffers from a disability and with respect to her qualifications for the position at Angelo's, the court remands this issue to the trial court for further consideration.

Lowe next challenges the grant of summary judgment on her Title VII sex discrimination claims. Lowe first contends that her termination constituted disparate treatment. To establish a prima facie case, the discharged employee must show that: (1) she belongs to the protected class; (2) she was qualified for her job; (3) that, despite her qualifications, she was discharged; and (4) that after her discharge the job remained available. *See Lujan v. New Mexico Health & Social Servs. Dep't*, 624 F.2d 968, 970 (10th Cir. 1980) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Assuming that Lowe was qualified to perform her job at Angelo's, she has nevertheless failed to present any evidence that the job remained available after she was discharged. Accordingly, Lowe has failed to establish a prima facie case of disparate treatment based on her termination.

Lowe has likewise failed to establish a prima facie case of disparate treatment based on Fasciano's requirement that she wear "dress" clothes while

two of her male co-workers were allowed to wear blue jeans and t-shirts. For

purposes of evaluating Lowe's argument, this court will assume that imposing

special appearance rules on members of only one sex may violate Title VII. *See*

*Carroll v. Talman Fed. Sav. & Loan Ass'n*, 604 F.2d 1028, 1032-33 (7th Cir.

1979), *cert. denied*, 445 U.S. 929 (1980). Lowe, however, has failed to show that

she was treated less favorably than her similarly-situated male counterparts. *See*

*Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1380 (10th Cir. 1994). Although she

testified that she was required to "dress up," her testimony is equivocal regarding

the job descriptions of the two male employees who were exempted from this

requirement. Because Lowe has failed to present evidence that these male co-

workers were similarly situated with respect to their job functions, she has failed

to establish a prima facie case of disparate treatment based on the requirement she

wear dress clothes.

Lowe next contends that she was the victim of a hostile work environment

based on her gender. The Supreme Court has held that "[w]hen the workplace is

permeated with 'discriminatory intimidation, ridicule, and insult' . . . that is

'sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment,'" Title VII is violated.

*Harris v. Forklift Sys., Inc.*, 114 S. Ct. 367, 370 (1993) (quoting *Meritor Sav.*

*Bank v. Vinson*, 477 U.S. 57, 65 (1986)). The challenged conduct must create "an

objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive." *Id.* Casual or isolated manifestations of discriminatory conduct, such as a few sexual comments or slurs, may not support a cause of action. *See Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1414 (10th Cir. 1987).

Upon review of this record, the court concludes that Lowe has failed to present sufficient evidence from which a reasonable jury could return a verdict in her favor. Lowe argues that Fasciano's requirement that she not wear red is evidence of a hostile work environment. She has failed, however, to establish that this requirement was related to her gender. In addition, the isolated comment "no skirts in the kitchen" and Fasciano's use of the term "girlie" to refer to Lowe, although regrettable, do not demonstrate that the work environment at Angelo's was "permeated with discriminatory intimidation, ridicule, and insult." *Harris*, 114 S. Ct. at 370 (citation and internal quotation marks citation omitted).

In addition to these incidents, Lowe relies heavily on the deposition testimony of a former Angelo's employee, Ronald Sagely, to support her hostile work environment claim. Sagely left Angelo's in 1987, five years before Lowe started working there. He testified that the Fascianos occasionally called waitresses "fucking slow bitches" and blacks "niggers" or "*melanzanes*," a

derogatory Italian term for blacks. He also testified that the Fascianos abused "pretty much everybody."

Past discrimination may properly be considered evidence of current discriminatory intent in a disparate treatment case. *Pitre v. Western Elec. Co.*, 843 F.3d 1262, 1267 (10th Cir. 1988). This court, however, has yet to address the issue of whether past discrimination may be considered evidence of a current hostile work environment. Assuming that Sagely's testimony can properly be considered, Lowe has nevertheless failed to establish a prima facie case of harassment based on her gender. Viewed in its entirety, Sagely's deposition establishes only that Angelo's was a highly volatile and frequently unpleasant place to work for both men and women. Similarly, the Fascianos use of racist epithets, although appalling, does not establish that Lowe suffered gender discrimination.

In her last argument under Title VII, Lowe challenges the district court's grant of summary judgment on her claim that she was discharged in retaliation for advocating the hiring of African Americans. To establish a prima facie case of retaliation under Title VII, an employee must show that: (1) she engaged in protected opposition to statutorily prohibited discrimination; (2) the employer took adverse action contemporaneously or subsequent to the employee's protected activity; and (3) a causal connection exists between the employer's adverse action

and the employee's protected activity. *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 896 (10th Cir. 1994). Assuming Lowe's activities qualified as protected opposition to statutorily prohibited discrimination, Lowe has nevertheless failed to provide any evidence demonstrating a causal connection between her termination and the protected activity. Accordingly, she has failed to establish a prima facie case of retaliation under Title VII.

Finally, Lowe challenges the district court's grant of summary judgment on her Kansas state law claim for intentional infliction of emotional distress or outrage. This court recently considered the requirements for the tort of outrage under Kansas law in *Bolden v. PRC Inc.*, 43 F.3d 545 (10th Cir. 1994), *cert. denied*, 116 S. Ct. 92 (1995). To succeed on a claim of outrage, as a threshold matter, the employee must show that: (1) the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and (2) the emotional distress suffered by the plaintiff is so extreme the law must intervene because no reasonable person would be expected to endure it. *Id.* at 553 (citing *Roberts v. Saylor*, 637 P.2d 1175, 1179 (Kan. 1981), *cert. denied*, 482 U.S. 906 (1987)). "'Conduct to be a sufficient basis for an action to recover for emotional distress must be outrageous to the point that it goes beyond the bounds of decency and is utterly intolerable in a civilized society.'" *Id.* at 554 (quoting *Roberts*, 637 P.2d at 1179). Because the court determines that defendants' conduct, although

-13-

distasteful, is not so extreme that it "goes beyond the bounds of decency and is utterly intolerable in a civilized society," the district court's grant of summary judgment on Lowe's claim of outrage is affirmed.

For the foregoing reasons, this court **AFFIRMS** the district court's grant of summary judgment on Lowe's Title VII and intentional infliction of emotional distress claims. The court **REVERSES** the grant of summary judgment on Lowe's ADA claim and **REMANDS** for further proceedings.