UNITED STATES COURT OF APPEALS
**Filed 9/25/96**
FOR THE TENTH CIRCUIT

GEOFFREY MENSAH-SOWAH,

      Plaintiff-Appellant,

v.

BRIDGESTONE/FIRESTONE, INC.,
d/b/a Dayton Tire,

      Defendant-Appellee.

No. 95-6380
(D.C. No. CIV-95-543-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District
Judge.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Geoffrey Mensah-Sowah appeals the district court's grant of summary judgment in favor of defendant on his employment discrimination claim, brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f). Because plaintiff failed to raise a triable issue as to whether he was treated less favorably than his white and/or non-African counterparts, we affirm.

Plaintiff, a naturalized citizen from Ghana, was employed by Dayton Tire from 1984 to August 1993. In June 1993, plaintiff was granted a leave of absence from July 19, 1993 to July 25, 1993, which, when combined with a week-long plant shutdown, gave him two weeks to return to Ghana to be with his daughter for a kidney operation. Based on plaintiff's history of failing to return at the end of his leaves of absence, plaintiff was specifically advised to allow enough time to "insure you will be here as scheduled on 7/26/93" and that "there will be no extension of this request and any deviation will only hinder your chances of being approved in the future." R. I, doc. 15, attachment A, ex. 2. On July 26, 1993, plaintiff allegedly called the plant and advised a security guard that he would not return until August 8, 1993. He did not, however, speak to anyone about

extending his leave of absence. Upon his return, plaintiff informed the company that his brother had died and that his daughter's surgery had been postponed.

Plaintiff was notified that he was being terminated, initially for violating the seven-day "no report" policy. After an investigation, the company accepted that plaintiff may have called the plant on July 26, and changed its reason for terminating plaintiff to his failure to comply with the company's explicit directive that he return to work on July 26. Although the company alleges that this decision was made after requesting proof from plaintiff's union representative that plaintiff actually intended to return on July 26, such as an itinerary, ticket, or travel agent information, plaintiff alleges that he first heard of the request the day before his arbitration hearing. Plaintiff has been unable to produce such evidence. In March 1994, plaintiff's grievance was arbitrated and decided in favor of the company.

After exhausting his remedies, plaintiff filed this discrimination action in the United States District Court for the Western District of Oklahoma. The district court granted summary judgment in the company's favor, finding that plaintiff did not present a prima facie case of employment discrimination or show that the company's stated reasons for its decisions were pretextual. This appeal followed.

We review a grant of summary judgment de novo, applying the same standards as those used by the district court. Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S. Ct. 655 (1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "material" if it might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In race discrimination cases, we apply the three-part burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. See Elmore v. Capstan, Inc., 58 F.3d 525, 529 (10th Cir. 1995). Under this analysis, the plaintiff must first establish a prima facie case of discrimination. Id. The burden then shifts to the defendant to articulate a facially nondiscriminatory reason for its employment decision. Id. at 530. Upon such a showing, the presumption of discrimination established by the prima facie showing "simply drops out of the picture." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993). The plaintiff then carries the full burden of showing that defendant discriminated on the basis of race, either by providing direct evidence of discrimination, or by showing that the employer's proffered reasons are pretextual. Elmore, 58 F.3d at 530.

To establish a prima facie case, plaintiff was required to show that he was a member of a protected class; was discharged for violating a work rule; and that similarly situated nonminority employees had been treated differently. Id. at 529-30. Although plaintiff met the first two prongs, he did not submit any evidence that white and/or non-African employees, with a history of leave infractions, have been treated more favorably upon failing to return to work when ordered to do so. Plaintiff has not identified any specific person who was treated differently under similar circumstances, stating only that the union would have to provide such information, R. I, doc 15, attachment C, pp. 70-76; and that he had no knowledge about other employees or the circumstances surrounding their terminations, id., doc. 21, deposition at p. 98. This failure to identify specific evidence of disparate treatment is fatal to plaintiff's lawsuit. See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1175 (10th Cir. 1996)(affirming summary judgment based on plaintiff's failure to establish prima facie case of disparate treatment; no evidence that similarly situated males were treated differently). In light of the lack of evidence demonstrating disparate treatment, any factual dispute regarding plaintiff's intent to return on July 26 is not "material" to this lawsuit, and will not preclude entry of summary judgment. Anderson, 477 U.S. at 248.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


Entered for the Court


G. Thomas Van Bebber
District Judge