113 F.3d 1247
 10 NDLR P 47, 97 CJ C.A.R. 777
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary Ann Rocha VIGIL, Plaintiff-Appellant,
v.
CITY OF LAS CRUCES, Defendant-Appellee.
 No. 96-2059.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1997.
 
 Before ANDERSON, TACHA, and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Mary Ann Rocha Vigil appeals the district court's grant of summary judgment to defendant City of Las Cruces on her claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and violation of the Americans with Disabilities Act (ADA). In addition, Ms. Vigil appeals the district court's dismissal of her attempt to bring a class action for harassment on behalf of the participants in the City's summer youth program.
 
 
 4
 In granting summary judgment and dismissing Ms. Vigil's complaint, the court concluded (1) that she had not established colorable claims of sexual harassment or racial harassment under Title VII; (2) that even if Ms. Vigil had established a prima facie case of retaliation, she had failed to refute as pretextual the City's proffered legitimate, nondiscriminatory reasons for her termination; (3) that she was not disabled under the ADA; and (4) that she had failed to establish the prerequisites for a class action under Federal Rule of Civil Procedure 23(a). Ms. Vigil appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 I. Standard of Review
 
 5
 We review de novo whether the City is entitled to summary judgment, applying the same legal standards applied by the district court under Federal Rule of Civil Procedure 56(c). Hirase-Doi v. U.S. West Communications, Inc., 61 F.3d 777, 781 (10th Cir.1995). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). " 'When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' " Hirase-Doi, 61 F.3d at 781 (quoting Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)). In a Title VII case, we affirm summary judgment unless "the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plaintiff." MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1121-22 (10th Cir.1991) (quotation omitted).
 
 II. Sexual Harassment
 
 6
 Ms. Vigil asserts that while she was employed as a department clerk typist for the City of Las Cruces International Airport, she was subjected to constant unwelcome invitations, and exposed to pornographic, sexually explicit pictures and sexual jokes by her immediate supervisor and other airport workers. More specifically, she alleges that her supervisor regularly requested that she go flying with him and that he left pornography in a manilla folder in her desk drawer. Appellant also alleges that on one occasion her supervisor offered her "X-rated software." The district court found that the incidents Ms. Vigil complained of failed to establish a claim of sexual harassment. We agree.
 
 
 7
 "Sexual harassment is behavior that would not occur but for the sex of the employee." Winsor v. Hinckley Dodge, Inc. 79 F.3d 996, 1000 (10th Cir.1996) (quotation omitted). Hostile work environment sexual harassment in violation of Title VII exists where the conduct complained of unreasonably interferes with the employee's work performance or "creat[es] an intimidating, hostile, or offensive working environment." Hirase-Doi, 61 F.3d at 782 (quotation omitted). In determining the existence of sexual harassment, the court must consider the record as a whole and the totality of circumstances, including the nature of the sexual advances and the context in which they occurred. Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1537 (10th Cir.1995).
 
 
 8
 Applying this "totality of circumstances" standard, we conclude that appellant's conclusory allegations cannot support a finding of conduct severe or pervasive enough to alter the conditions of her employment or create a hostile work environment. See Hirase-Doi, 61 F.3d at 782. Appellant's single encounter with pornographic material left inside a folder by a previous worker and her supervisor's single attempt to give her pornographic software are not reasonably regarded as giving rise to an abusive environment. See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1175 (10th Cir.1996) ("Casual or isolated manifestations of discriminatory conduct, such as a few sexual comments or slurs, may not support a [sexual harassment] cause of action."). Further, given the lack of specificity in the record regarding the nature and frequency of her supervisor's invitations to go flying, such allegations are insufficient to defeat summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (party opposing summary judgment may not "rest upon the mere allegations ... of [her] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial"). Therefore, the district court's grant of summary judgment to the City on this issue was appropriate.
 
 III. Racial Harassment
 
 9
 In granting summary judgment for the defendant on appellant's racial harassment claim, the district court held that appellant failed to allege more than conclusory statements about such harassment and that such statements were insufficient to support a racial harassment claim under Hicks v. Gates Rubber Co., 833 F.2d 1406 (10th Cir.1987). We agree.
 
 
 10
 To survive summary judgment, appellant must show that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment ..., and (2) the harassment was racial or stemmed from racial animus." Bolden v. PRC Inc., 43 F.3d 545, 551 (10th Cir.1994), cert. denied, 116 S.Ct. 92 (1995). Moreover, under Hicks, appellant must be able to point to "more than a few isolated incidents of racial enmity." Hicks, 833 F.2d at 1412. Instead, appellant must show "a steady barrage of opprobrious racial comment." Id. at 1412-13.
 
 
 11
 The record in this case contains a sworn and notarized statement by the appellant that her "supervisor frequently referred to Hispanic individuals in derogatory terms such as 'wetbacks.' " I R., tab 5. Appellant also states that her supervisor tolerated discriminatory treatment of Hispanic airport customers. Id. The record also contains a "Draft Affidavit," I R., tab 7, in which appellant makes similar allegations pertaining to her racial harassment claim.[2] In the "Draft Affidavit," appellant states that when she complained to her supervisor about his discrimination against Hispanic customers, he responded, "I didn't know that Mexicans had rights." Id.
 
 
 12
 Although appellant has made specific allegations of fact regarding the nature of her supervisor's racial harassment, i.e., calling Hispanics "wetbacks" and discriminating against Hispanic customers, she has made only conclusory allegations regarding the frequency of such harassment. In her complaint, appellant stated that her supervisor "frequently" used racially derogatory language, I R., tab 1, and in her "Draft Affidavit," appellant stated that from "October, 1992 through March, 1993" her supervisor treated Hispanic customers poorly, I R., tab 7. Without greater specificity, such conclusory allegations are insufficient to support a finding of "a steady barrage of opprobrious racial comment." Hicks, 833 F.2d at 1412-13. Thus, appellant has failed to show evidence in the record sufficient to defeat summary judgment.
 
 IV. ADA
 
 13
 The district court construed Ms. Vigil's claim that she suffered an off-duty injury which was exacerbated by a delay of treatment due to her termination as a claim for wrongful discharge under the ADA. In order to establish a claim for wrongful discharge under the Act, "a plaintiff must demonstrate (1) that she is a disabled person within the meaning of the ADA; (2) that she is able to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer terminated her because of her disability." Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1173 (10th Cir.1996).
 
 
 14
 Here, Ms. Vigil has not raised any genuine issue of fact as to whether she is disabled, or whether the City terminated her because of any disability or perception of disability. Ms. Vigil's claim, that her condition worsened following her termination because she was unable to seek medical treatment, may go to the issue of damages in the event she could successfully establish a wrongful termination claim, but does not state an independent cause of action under the ADA. Therefore, the district court was correct is granting summary judgment to the City on this claim.
 
 V. Retaliation
 
 15
 Ms. Vigil argues that she was terminated in retaliation for filing her harassment charges with the Equal Employment Opportunity Commission. In order to establish a retaliation claim under Title VII, a plaintiff initially must establish a prima facie case of retaliation by establishing "(1) protected opposition to Title VII discrimination or participation in a Title VII proceeding; (2) adverse action by the employer subsequent to or contemporaneous with such employee activity; and (3) a causal connection between such activity and the employer's adverse action." Berry v. Stevinson Chevrolet, 74 F.3d 980, 985 (10th Cir.1996). Once a plaintiff succeeds in establishing a prima facie case of retaliation, the burden shifts to the employer to proffer legitimate, nondiscriminatory reasons for the termination decision. Id. at 986. If the employer sets forth legitimate nondiscriminatory reasons for the adverse action, the plaintiff must then establish that the defendant's reasons are merely a pretext for retaliation. Id. "The overall burden of persuasion remains on the plaintiff." Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir.1993).
 
 
 16
 The district court, assuming appellant had established a prima facie case of retaliation, found that the City had articulated legitimate, nondiscriminatory reasons for her termination and that she failed to show that these proffered reasons were merely pretextual. We agree. The City cited Ms. Vigil's pattern of tardiness and her inability to get along with her coworkers as the primary reasons for her termination. A record kept by Ms. Vigil's supervisor over a four month period indicates that she was consistently late to work. See I R., tab 7, ex. E-8. Moreover, the supervisor reported that she failed to obey work rules, failed to cooperate, showed disrespect for her fellow workers, interfered with the work performance of other employees, and showed a "slow, desultory" approach to her duties. Id. at ex. 4. In sum, the termination report stated that Ms. Vigil, who was still in her probationary employment period, was not capable of performing the job for which she was hired. Id.
 
 
 17
 We agree with the district court that the City proffered legitimate, nondiscriminatory reasons to counter appellant's claim of retaliation. Following our review of the appellate record and our careful consideration of her arguments, we also agree that appellant failed to establish that the City's proffered reasons for her termination were pretextual. Accordingly, the district court correctly held that the evidence offered by Ms. Vigil was insufficient to raise a genuine issue of material fact for trial as to whether her termination was retaliatory.
 
 VI. Class Claim
 
 18
 Finally, the record contains no support whatsoever for appellant's harassment claims on behalf of the participants in the City's summer youth program. We agree with the district court that appellant failed to establish the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23(a), and accordingly, we affirm the district court's dismissal of this claim.[3]
 
 
 19
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Although this document is apparently neither sworn to nor signed, it was attached to appellant's brief in response to the defendant's motion for summary judgment, was transmitted to this court as part of the record without objection by defendant, and therefore is properly before us for purposes of summary judgment. Moreover, it appears from the record that the "Draft Affidavit" may have been prepared by the Equal Employment Opportunity Commission and attached to the EEOC "Charge of Discrimination" form that was signed by appellant under penalty of perjury. See I R., tab 5. As such, the affidavit, though unsigned, would comply with the requirements of 28 U.S.C. § 1746, and would therefore be properly admitted for the purpose of summary judgment
 
 
 [3]
 In her appellate brief, appellant raises a conspiracy claim under 42 U.S.C. § 1985(3), a medical malpractice claim, a claim under the Rehabilitation Act of 1973, and a claim for compensatory and punitive damages. Appellant failed to raise or argue these claims to the district court, and they will not be considered for the first time on appeal. See Walker v. Mather, 959 F.2d 894, 896 (10th Cir.1992) (an appellate court generally will not consider issues on appeal that were not raised below)