**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH R. JOHNSON,

      Plaintiff-Appellant,

v.

THE CITY OF MIDWEST CITY,

      Defendant-Appellee.

No. 98-6088
(D.C. No. CIV-97-219-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

Plaintiff filed this action against his former employer, Midwest City, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. [1] (Plaintiff's complaint also included allegations of violation of Oklahoma public policy, but he does not pursue this claim on appeal.) The

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

district court granted summary judgment in favor of the City and we review that grant de novo. *See Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1173 (10th Cir. 1996). In doing so, we apply the same legal standard used by the district court: we affirm if there is no genuine issue as to any material fact and the City is entitled to judgment as a matter of law. *See id.* Guided by this standard, we affirm.

Plaintiff was employed by the City as a laborer in 1986, and was promoted to crew chief in 1992. In June 1993, plaintiff was involved in an automobile accident while on the job. As a result of injuries he received in the accident, plaintiff underwent surgery for a torn rotator cuff and joint derangement. After the surgery, plaintiff was totally disabled between October 1993, and mid-December 1993. Plaintiff's physician then released him to return to work with varying restrictions on lifting. Following at least one additional surgery and a final follow-up visit with his physician regarding the rotator cuff repair in August 1996, plaintiff was discharged from care as to that injury with a permanent restriction proscribing all overhead lifting with the right shoulder. The City offered plaintiff another position in the sanitation division conditioned on his submission of a medical release from his doctor stating that he could meet the physical demands of that position. Plaintiff neither submitted the release nor applied for any other positions with the City. Thereafter, the City terminated

plaintiff's employment as a laborer because he could no longer perform the physical demands of the job. The City again emphasized that plaintiff could apply for any position for which he was qualified.

Like the trial court, we look to 42 U.S.C. § 12112(a), and the precedents interpreting the statute.

> To maintain a claim for wrongful discharge under the ADA, a plaintiff must demonstrate (1) that [he] is a disabled person within the meaning of the ADA; (2) that [he] is able to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer terminated [him] because of [his] disability.

*Lowe*, 87 F.3d at 1173. The district court found that plaintiff was not a disabled person within the meaning of the ADA, and granted summary judgment on that basis. We may affirm the grant of summary judgment on any basis "for which there is a record sufficient to permit conclusions of law." *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994). Reviewing the record, we conclude that because the plaintiff is unable to perform the essential functions of the job either with or without reasonable accommodation plaintiff has not shown that he is a "qualified individual" under the ADA. We affirm the grant of summary judgment in favor of defendants on that basis.

Determination of whether plaintiff is a "qualified individual" under the ADA requires a two-part inquiry. The first step is to determine whether plaintiff could perform the essential functions of the job. *See Aldrich v. Boeing Co.*, 146

-3-

F.3d 1265, 1271 (10th Cir. 1998), *petition for cert. filed* (U.S. Nov. 23, 1998) (No. 98-859). If he cannot, we must then "determine whether any reasonable accommodation by the [City] would enable him to perform those functions." *Id.* Because the plaintiff bears the ultimate burden of proving he is a "qualified individual" under the ADA, *see White v. York Int'l Corp.*, 45 F.3d 357, 361 (10th Cir. 1995), he must produce sufficient evidence to make a prima facie showing that accommodation is possible, and then the burden shifts to the City "to present evidence of its inability to accommodate." *Id.* Plaintiff is then obligated to rebut the City's evidence. *See id.*

The City produced evidence that lifting overhead is an essential function of plaintiff's former job as laborer in its utilities department and established that the job description for such position requires overhead lifting. Appellant's App. at 44. Additionally, both the city manager and the head of the department testified overhead lifting was essential to the job. *See id.* at 123; 229-30; 232-33; 235; 236-37. The plaintiff failed to counter the City's evidence on point, thus "[a]lthough ordinarily a fact question to be decided on a case-by-case basis, plaintiff[] ha[s] presented no evidence to rebut the conclusion that [overhead lifting] is essential to the [laborer] job" and his claim fails. *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1124 (10th Cir. 1995). That being the situation, we consider

whether plaintiff has demonstrated a genuine issue of fact regarding his ability to perform the essential functions with reasonable accommodation. *See id.*

Plaintiff suggested that reapportioning the overhead lifting responsibilities to the other two crew members was a reasonable accommodation. To the contrary, the City

> is not required by the ADA to reallocate job duties in order to change the essential function of a job. *See* C.F.R. Pt. 1630 App. §1630.2(o). An accommodation that would result in other employees having to work harder or longer hours is not required. *See* 29 C.F.R. §1630.2(p)(2)(v)(impact to other employees on their ability to do their duties is a relevant factor in determining the reasonableness of an accommodation).

*Id.* at 1124-25 (further citation omitted). Further, the record shows the City attempted to accommodate plaintiff by finding another position for which he was qualified. The City was prepared to place plaintiff in a sanitation department position if he provided a release from his physician. Plaintiff did not provide the documentation, and has not met his burden to show he is a "qualified individual" entitled to protection of the ADA.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge