F I L E D
United States Court of Appeals
Tenth Circuit

OCT 20 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM CLINTON HILL,

        Plaintiff-Appellant,

v.

MARVIN T. RUNYON, Postmaster
General, United States Postal Service,

        Defendant-Appellee.

No. 99-1004
(D.C. No. 96-S-2875)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff was employed by the United States Postal Service as a temporary employee, and his employment was terminated after he was repeatedly absent without leave. Plaintiff brought suit under Title VII, 42 U.S.C. § 2000e through § 2000e-17, alleging discrimination based on race and gender. The district court granted summary judgment in favor of defendant. We exercise jurisdiction under 28 U.S.C. § 1291 [1] and affirm. [2]

We review the district court's grant of summary judgment *de novo. See Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1173 (10th Cir. 1996). We apply the same standard, Fed. R. Civ. P. 56(c), as the district court. *See id.* "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

Plaintiff claims that his termination based on his absences without leave was the result of disparate treatment based on his race and gender. Disparate treatment is a form of intentional discrimination, and, therefore, plaintiff must

---

[1] Plaintiff's allegation in his *pro se* brief on appeal that we lack jurisdiction because the Equal Employment Opportunity Commission (EEOC) investigation is ongoing is without merit. Plaintiff filed an appeal from the agency's denial of his claim with the EEOC's Office of Federal Operations (OFO) on June 3, 1996. *See* R. Vol. I, tab 43 (Amended Complaint), at 2. Both the amended complaint and answer state that 180 days had passed without any action by the OFO on plaintiff's appeal. *See id*; R. Vol. I, tab 46 at 3. Plaintiff was, therefore, authorized to file his civil action. *See* 29 C.F.R. § 1614.408(d)(1998).

[2] Plaintiff's amended complaint contained a breach of contract claim, in addition to the Title VII claim. Plaintiff does not appeal the district court's grant of summary judgment in favor of defendant on that claim.

prove that defendant "acted with a discriminatory intent or motive" in terminating him. *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1315 (10th Cir. 1999). "To establish a prima facie case on a claim of discriminatory discharge, where the plaintiff was discharged for the purported violation of a work rule, the plaintiff must show that (1) he is a member of a protected class, (2) [] he was discharged for violating a work rule, and (3) [] similarly situated non-minority employees were treated differently." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1403 (10th Cir. 1997).

After reviewing the record on appeal, we agree with the district court that defendant is entitled to summary judgment because plaintiff has not established a prima facie case of discriminatory discharge. Plaintiff has simply presented no evidence that similarly situated non-minority or female employees were treated differently. *See Aramburu*, 112 F.3d at 1404 ("Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." (quotation omitted)). The only evidence in the record concerning a similarly situated employee is a supervisor's deposition testimony about a white male whose employment was terminated because of absenteeism and tardiness. Obviously, this is evidence that a similarly situated non-minority employee was treated the same as plaintiff, not differently.

Because plaintiff presented no evidence that non-minority or female similarly situated employees were treated differently than plaintiff, he failed to establish a prima facie case of discriminatory discharge. Therefore, the district court was correct in granting summary judgment in favor of defendant. AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge