F I L E D
United States Court of Appeals
Tenth Circuit

AUG 1 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRENDA AIKEN,

      Plaintiff-Appellant,

v.

CONTINENTAL AIRLINES, INC.,
a Delaware corporation,

      Defendant-Appellee.

No. 99-1462
(D.C. No. 97-S-2505)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Brenda Aiken started working as a reservations clerk for defendant Continental Airlines in April 1994 at its Smith Road facility in Denver. In October 1994, she began to experience difficulty breathing while at work and was later diagnosed with occupational asthma and hypersensitivity to certain bioaerosols. She requested in December 1994 that Continental transfer her to another facility as an accommodation for her asthma. Continental did not transfer her and terminated her employment in May 1995 because she had not worked since October and her inactive leave status equaled her total length of service. Ms. Aiken then brought this action alleging that Continental discriminated against her based on her disability, asthma, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101-12213. The district court granted Continental's motion for summary judgment. Ms. Aiken appeals.

We review a grant of summary judgment de novo, applying the same standards as the district court applied under Fed. R. Civ. P. 56(c). *See Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1173 (10th Cir. 1996). To establish a prima facie case under the *McDonnell Douglas* [2] burden-shifting scheme as applicable to the ADA, Ms. Aiken must show that (1) she is a disabled person within the meaning of the Act; (2) she is qualified, meaning that either with or without reasonable accommodation, she can perform the essential functions of her

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

-2-

job; and (3) Continental terminated her under circumstances giving rise to the inference that she was terminated because of her disability. *See Hardy v. S.F. Phosphates Ltd.*, 185 F.3d 1076, 1079 n.2 (10th Cir. 1999). Relevant to her claim, the ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). In determining whether an individual is disabled under this definition, a court must first determine whether the individual has an impairment, then identify the life activity upon which the individual relies and determine whether it is a major life activity under the Act, and, finally, determine whether the impairment substantially limits the major life activity. *See Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 495 (10th Cir. 2000). If an ADA plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for its action. *See Hardy*, 185 F.3d at 1079. If it does, the burden returns to the plaintiff to present evidence that the proffered reason is not worthy of belief. *See id.* at 1079-80.

In the district court, Ms. Aiken alleged that her asthma was a physical impairment substantially limiting her major life activities of breathing, caring for herself, and sexual relations. The district court held that Ms. Aiken had not established her prima facie case. It determined that because her asthma was controlled though medication, it did not substantially impair her breathing or

-3-

sexual relations. *See Sutton v. United Air Lines, Inc.*, 119 S. Ct. 2139, 2146 (1999). It also held that as Ms. Aiken described the activity of caring for oneself--washing and styling her hair and cleaning her house--this was not a major life activity, and that in any event, she had not demonstrated that she could not perform these tasks. Alternatively, the court found that assuming Ms. Aiken established her prima facie case, Continental had presented a legitimate nondiscriminatory reason for her termination--its policy of terminating employees who are on an inactive employment status for as long as they have been on active employment status. The court concluded that she failed to present any evidence indicating that this reason for her termination was false or that the real reason for her termination was intentional discrimination based on her disability. It therefore granted summary judgment to Continental.

On appeal, Ms. Aiken contends that she is disabled by her asthma, though she does not address the district court's determination that her asthma is adequately controlled by medication. She also contends that Continental's failure to transfer her to another facility upon her request or take other steps to accommodate her alleged disability creates a disputed factual issue regarding whether Continental's stated reason for terminating her was pretextual. We have considered her arguments and reviewed the record, and we conclude that the district court correctly determined that she not had met her burden of showing she

was disabled under the ADA.  Therefore, for substantially the same reasons as stated by the district court, we affirm its decision on this basis, and need not address its alternate reason for granting summary judgment to Continental.

AFFIRMED.


Entered for the Court


Wade Brorby
Circuit Judge