**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**AUG 23 2000**

**PATRICK FISHER**
**Clerk**

MARREN LINDENAU,

      Plaintiff-Appellant,

v.

WORTZ COMPANY,

      Defendant-Appellee.

No. 98-7056
(D.C. No. 96-CV-177-B)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Marren Lindenau appeals the district court's grant of judgment as a matter of law under Fed. R. Civ. P. 50(b) to defendant Wortz Company on plaintiff's complaint that defendant terminated her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.  Following a jury verdict in favor of plaintiff with an award of $25,000 in back pay, the district court granted defendant's Rule 50(b) motion, finding that plaintiff had not established that she was disabled under the ADA, or that, if she were deemed disabled, she had not established that her disability impaired a major life activity. [1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.  Background

Defendant manufactures cookies, crackers, and snack items.  Plaintiff was employed as a packer/case up on defendant's production line #5.  Due to a drop off in demand, defendant ceased production on line #5 and commenced a lay-off of employees.  Due to her seniority, plaintiff was not laid off, but was offered reassignment to line #2.  For ergonomic reasons, defendant had implemented a rotation system whereby workers on each line were required to rotate jobs every two to four hours.  The rotation had been started on lines #1 and #2, but had not yet started on line #5 where plaintiff regularly worked.  Plaintiff refused to work

---

[1]    Defendant moved in the alternative for a new trial.  Granting the motion for judgment as a matter of law, the court denied the motion for a new trial as moot.

line #2 because during part of her shift she was required to work from a platform approximately six to seven inches high. She claimed she suffered from acrophobia and working from the platform made her dizzy.

Defendant placed plaintiff on personal leave, requesting some medical documentation of her alleged fear of heights. The only evidence of this affliction supplied by plaintiff was a note from her gynecologist stating that plaintiff had related a fear of heights and that the condition could not be treated by medication. Defendant terminated her due to an inability to do the required job tasks, and plaintiff brought suit.

## II. Discussion

Our review of the district court's decision concerning a litigant's Rule 50(b) motion for judgment as a matter of law is de novo. *See Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999). A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law." *Id.* (quotation and citation omitted).

The ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees." 42 U.S.C. § 12112(a). In order to prevail on a claim of discriminatory discharge under the ADA, a plaintiff must

show that (1) she is "disabled" within the meaning of the statute; (2) she is a "qualified individual," that is, that she is able to perform the essential functions of the job with or without reasonable accommodation; and (3) that she was terminated because of her disability. *See Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1173 (10th Cir. 1996). The ADA defines a "disability" as applied to an individual as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarding as having such an impairment." 42 U.S.C. § 12102(2).

Here, the district court determined that plaintiff failed to establish that she was disabled under the ADA. The court found that plaintiff had presented no medical evidence of a disability, either physical or mental. Moreover, the alleged note from her gynecologist was never made a part of the record at trial, but was only testified to by Rod Forster, defendant's human resource director. Further, the court opined that "[e]ven if Plaintiff can somehow be deemed to have established that she has a physical disability by virtue of her acrophobia," she failed to establish that this condition impaired a "major life activity." [2] Appellee's Br., tab B at 6.

---

[2]     At trial, plaintiff asserted that her acrophobia was a physical and not a mental disability.

On appeal, plaintiff does not challenge the district court's findings and conclusions, but instead argues a new theory alleging that she proved a disability because defendant perceived her as disabled. *See* § 12102(2)(C); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999) (holding that an individual may fall within § 12102(2)(C) if an employer "mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities"). In its order granting Rule 50(b) relief, the district court stated that plaintiff was raising this issue for the first time and therefore the court would not consider it. [3] This court agrees and also declines to consider a theory of the case that plaintiff did not present in the trial court. *See Lone Star Steel Co. v. United Mine Workers of Am.*, 851 F.2d 1239, 1243 (10th Cir. 1988) ("Ordinarily, a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory.").

The district court's order granting defendant's Rule 50(b) motion was thorough and well-reasoned. On appeal, plaintiff fails to adequately challenge the

---

[3] Because plaintiff failed to provide this court with any record on appeal except for the trial transcript, we can only assume that this issue was raised in a response to defendant's written motion for judgment as a matter of law.

court's factual findings or legal conclusions.  Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED for substantially the reasons stated in its March 30, 1998 order.

Entered for the Court


John C. Porfilio
Circuit Judge