**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERNA MARTINEZ,

      Plaintiff-Appellant,

v.

NORTHERN RIO ARRIBA
ELECTRIC COOPERATIVE, INC.,

      Defendant-Appellee.

No. 96-2254
(D.C. No. CIV-95-724-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Verna Martinez appeals from the district court's grant of summary judgment to defendant on her Title VII claim. Ms. Martinez asserted that defendant, her former employer, denied her payment for accrued sick leave time as a benefit upon her retirement in 1994. Alleging gender discrimination in violation of Title VII, Ms. Martinez argued that a male employee, Narciso Rendon, had been paid for accrued sick leave time under a similar policy when he retired in 1989. Ms. Martinez acknowledged that the policy regarding payment of accrued sick leave had changed several times over the years. In 1979, defendant's policy allowed all employees to accrue sick leave time and receive payment for that time upon retirement. In 1986, the policy was amended to limit accruals to 600 hours and required defendant to make annual payments for accrued sick leave time. Although this was the policy in effect when Mr. Rendon retired, he was paid for all accrued sick time, which exceeded 600 hours. The policy was changed again in 1992, eliminating the accrual of sick leave time and expressly providing that unused sick leave time would have no cash value upon retirement. When Ms. Martinez retired in 1994, she sought payment for almost 3,000 hours of accrued sick leave. Ultimately, she was paid only for those amounts which were due her from 1986 through 1992 under the annual cash-out provision then in effect.

Defendant moved for summary judgment, contending that Ms. Martinez and Mr. Rendon were not similarly situated, having retired under different managers and different policies. Further, it contended there was no evidence that any decision on this issue was discrimination on the basis of gender. Ms. Martinez responded, and after a hearing the district court granted summary judgment to defendant on her Title VII claim.[1]  This appeal followed.

Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. "We review de novo the grant of summary judgment and apply the same legal standards as the district court under Rule 56." Aramburu v. The Boeing Co., 112 F.3d 1398, 1402 (10th Cir. 1997).  Under the applicable analysis, Ms. Martinez has the initial burden to establish a prima facie case of intentional discrimination. See Elmore v. Capstan, Inc., 58 F.3d 525, 529 (10th Cir. 1995). She seeks to satisfy this burden using the disparate treatment theory, see generally Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir. 1991), alleging that she was treated differently than Rendon.

On appeal, plaintiff essentially contends that the standards measuring when other employees are similarly situated do not apply to her claim of disparate treatment because the case was decided on summary judgment. This argument

---

[1]     The district court's order also dismissed, without prejudice, various state law claims brought in conjunction with the Title VII claim. Martinez does not appeal that part of the court's ruling.

is not persuasive; we have upheld the grant of summary judgment on Title VII claims where a district court ruled that the plaintiff failed to establish a prima facie case in a disparate treatment claim in part because she did not demonstrate that other employees were similarly situated. See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1172, 1174-75 (10th Cir. 1996). As part of her prima facie case under the disparate treatment theory, Ms. Martinez must show that she was similarly situated to Mr. Rendon in all material respects. See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997); Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994). Relying on the undisputed facts before the district court regarding defendant's sick leave accrual policies, we conclude that Mr. Rendon and Ms. Martinez were not similarly situated because, at the times of their respective retirements, those policies differed greatly. Further, it does not help Ms. Martinez's prima facie case that the policy in force when Mr. Rendon retired was not followed. Not only were the policies markedly different, they were also administered by different general managers. Title VII does not constrain different managers in an organization from taking different approaches in enforcing company rules or policies. See Elmore, 58 F.3d at 532 (noting that a new manager who applied discipline more rigorously did not compel an inference that any disparity in treatment amounted to discrimination). In this case, the fact that different general managers

implemented the different sick leave accrual policies further negates any similarity between the two employees' situations when they retired.  See Aramburu, 112 F.3d at 1404 (similarly situated individuals must have dealt with same supervisor and been subject to same standards); Flasher, 986 F.2d at 1320; Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992).

Ms. Martinez contends that factual issues remain regarding defendant's motivation for denying payment for her accrued sick leave time.  She also asserts that defendant's action with regard to Mr. Rendon's retirement should be grafted onto the 1992 policy change, and that she has demonstrated "a clear factual dispute as to whether this benefit was due to Plaintiff."  Appellant's Br. at 7. We disagree.  Unless she can show that Mr. Rendon was a similarly situated employee, her claim of disparate treatment fails without consideration of whether defendant's proffered reasons for its action were pretextual.  Because we conclude that Ms. Martinez neither established her prima facie case nor presented evidence which creates a genuine issue of material fact as to any element of her prima facie case, we do not address her further arguments.

In her reply brief, Ms. Martinez appears to contend that defendant amended the sick leave accrual policy in 1992 with discriminatory intent.  This contention was not raised to the district court, and was not raised in Martinez's opening

brief.  Accordingly, we decline to address it.  See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (stating general rule that issues not raised to district court will not be considered); State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (holding that issues not raised in opening brief are waived).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge