UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KEVIN M. McGUINNESS,

     Plaintiff-Appellant,

vs.

UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE,

     Defendant-Appellee.

No. 97-2249

---

ORDER
Filed March 19, 1999

---

Before **PORFILIO**, **EBEL**, and **KELLY**, Circuit Judges.

---

The order and judgment filed on November 4, 1998, shall be published.

The published opinion is attached to this order.

Entered for the Court

PATRICK FISHER, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEVIN M. McGUINNESS,

      Plaintiff-Appellant,

vs.

UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE,

      Defendant-Appellee.

No. 97-2249

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 95-1434 MV)

---

Dennis W. Montoya, Law Offices of Dennis W. Montoya, Rio Rancho, New
Mexico for Plaintiff-Appellant.

Paul R. Ritzma, Law Offices, Legal Bureau/RMD, State of New Mexico, Santa
Fe, New Mexico for Defendant-Appellee.

---

Before **PORFILIO**, **EBEL**, and **KELLY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

      Plaintiff-Appellant Kevin M. McGuinness brought this action against the

Defendant-Appellee, the University of New Mexico School of Medicine ("the

medical school") for violation of the Americans with Disabilities Act, 42 U.S.C. §§12101-12213 ("the ADA"). The district court granted summary judgment for the medical school. On appeal, Mr. McGuinness argues that genuine issues of material fact exist on the following issues: (1) whether he suffers from a disability under the ADA, (2) whether he is entitled to a reasonable accommodation for such disability, (3) the degree of discretion built into the medical school's grading policy, (4) whether he was employed by the medical school, and (5) whether the medical school discriminated against him, under 42 U.S.C. § 12112(b)(4), because of his association with his disabled son. He also contends the district court erred in refusing to allow him to amend his complaint to include Rehabilitation Act and "association discrimination" claims. Finally, he argues that the court abused its discretion in failing to address "serious misconduct" by defense counsel.

Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm the district court's grant of summary judgment. Because we may treat new claims asserted in a plaintiff's response to a summary judgment motion as a motion to amend and review such claims de novo, we need not reach the issue of whether the district court improperly refused to let Mr. McGuinness amend his complaint. Finally, we hold that the magistrate judge did not abuse his discretion in choosing not to impose sanctions on the Defendant.

<u>Background</u>

When Mr. McGuinness entered the University of New Mexico Medical School in 1992, he had a bachelor of science degree in chemistry and biology, a degree in physiological psychology, and a doctorate in psychology. He had worked as a forensic chemist, and he continued to work as a clinical psychologist during medical school. Mr. McGuinness experienced anxiety in chemistry and mathematics courses in both graduate and undergraduate school but developed study habits that allowed him to overcome his difficulties.

At the beginning of each medical school class, the professors explained the school's written grading policy, which included consideration of natural breaks or clusters in the students' performance, as well as each student's numerical average. During his basic biochemistry course in medical school, Mr. McGuinness informed the professor of his anxiety but indicated that he needed no test-taking accommodations. <u>See</u> Aplt. App. at 489, 491. He requested only that the professor set clear grading standards for the course and not regard him as lazy. <u>See</u> Aplt. App. at 491. The professor recommended that he see a clinical psychologist on the medical school faculty.

At the end of the basic biochemistry course, Mr. McGuinness learned that he had received a grade of "marginal," even though his numerical average exceeded seventy percent, which he believed merited a "satisfactory" grade.

According to the medical school's grading policy, students who receive "marginal" grades in more than fifteen percent of their first-year courses must repeat the first year or leave the program. When Mr. McGuinness earned another "marginal" grade in cardiovascular pulmonary physiology, more than fifteen percent of his first-year grades were "marginal." He was offered but refused the opportunity to take makeup exams in biochemistry, and, after three makeup tests in the cardiovascular/pulmonary block, he still did not obtain a "satisfactory" grade. Mr. McGuinness chose not to repeat the first-year curriculum. Instead, he filed suit against the University of New Mexico Medical School.

In his complaint, Mr. McGuinness attempted to assert a claim under the ADA but failed to distinguish between Title I and Title II; neither did he raise a claim under the statute's "association discrimination" provision, 42 U.S.C. § 12112(b)(4). Whereas Title I proscribes discrimination against employees or prospective employees because of their disabilities, see 42 U.S.C. §§ 12111-12112, Title II bars public entities from discriminating on the basis of disability in the provision of programs and benefits. See 42 U.S.C. §§ 12131-12132. In his response to the medical school's motion for summary judgement, Mr. McGuinness attempted to (1) separate his Title I and Title II claims, (2) add a claim under the Rehabilitation Act of 1973, and (3) assert an "association discrimination" claim under the ADA. See Aplt. App. at 374-76, 380-82. He subsequently filed a

motion to extend case management deadlines that included an informal request for leave to amend his complaint. See Aplt. App. at 203-06. The district court denied this motion. See Aplt. App. at 164-65.

The district court granted summary judgment for the medical school on the ground that Mr. McGuinness was not disabled within the meaning of the ADA. Although Mr. McGuinness was not allowed to amend his complaint, the district court nevertheless ruled on the "association discrimination" claim. See Aplt. App. at 25-26. It held that Mr. McGuinness did not offer facts sufficient to support a cause of action under § 12112(b)(4) because he was neither employed by the medical school, nor did he show that the medical school discriminated against him because of his association with his disabled son. See id. The district court did not rule on Mr. McGuinness' Rehabilitation Act claim.

## Discussion

### A. ADA Claims

We review a grant of summary judgment de novo. See Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1081 (10th Cir. 1997). Under Fed. R. Civ. P. 56(c), we must determine whether a genuine issue of material fact is in dispute and, if not, whether the district court correctly applied the substantive law. Id. at 1081.

The parties agree that Mr. McGuinness has an "anxiety disorder" that

manifests itself when he takes chemistry and mathematics tests. The district court correctly held that such a disorder, limited to certain academic subjects, does not constitute a disability under the ADA. On appeal, we treat the Title I and Title II claims separately, even though they did not appear in this manner in the complaint, because Mr. McGuinness raised them both in his response to the medical school's motion for summary judgment. See Viernow v. Euripides Dev. Corp., 157 F.3d 785, 790 n.9 (10th Cir. 1998) (citing Evans v. McDonald's Corp., 936 F.2d 1087, 1090-91 (10th Cir. 1991))( new claims raised in plaintiff's opposition to summary judgment treated as a motion to amend the complaint).

According to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under Title II, the plaintiff does not have to be an employee of the defendant. See, e.g., McPherson v. Michigan High School Athletic Assoc., 119 F.3d 453, 459 (6th Cir. 1996)(reviewing a Title II claim by a student-athlete against a high school sports program). However, Mr. McGuinness' Title II claim fails because he has not shown that he has a disability within the meaning of the ADA.

Under Title II, a "qualified individual" is someone with a disability who "with or without reasonable modifications . . . meets the essential eligibility

- 6 -

requirements" to receive public services or participate in a public program. 42 U.S.C. § 12131(2). The term "disability" means "a physical or mental impairment that substantially limits one or more of the major life activities" of the individual. 42 U.S.C. § 12102(2)(A). According to the Supreme Court, an impairment need not appear on a specific list of disorders to constitute a "disability." See Bragdon v. Abbott, 118 S.Ct. 2196, 2202 (1998). Nor must it affect those aspects of a person's life that have a public or economic character. See id. at 2205. Indeed, in the case of physical impairment like HIV infection, a disability can be latent and asymptomatic. See id. at 2204. However, the plain meaning of the word "major" requires that the activity be significant, in order to be covered by the ADA. See id..

Because the ADA does not define the phrases "substantially limits" or "major life activity," this circuit has looked to the EEOC regulations to construe the statute's meaning. See Sutton v. United Airlines, 130 F.3d 893, 900 (10th Cir. 1997). The regulations illustrate the meaning of "major life activity" with such examples as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I); see also Sutton, 130 F.3d at 900 (following the regulations' definition of "major life activity"). We assess three factors to determine whether an individual is "substantially limited" in a major life activity: (1) the nature and severity of the

impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or expected long-term impact of the impairment. See Sutton, 130 F.3d at 900 (citing 29 C.F.R § 1630.2(j)(2)).

Mr. McGuinness contends that his anxiety impairs his "academic functioning," not his ability to work, and that the regulations' definition of substantial limitations on "working" should not control the outcome of this case. However, the deciding principles of employment discrimination cases can be applied to ADA claims in the educational context. See McPherson, 119 F.3d at 460. In employment cases, we have held that an individual does not suffer a disability under the ADA if his disability does not prevent him from performing "a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." Siemon v. AT&T Corp., 117 F.3d 1173, 1176 (10th Cir. 1997) (quoting 29 C.F.R. § 1630.2(j)(3)(1). For example, in MacDonald v. Delta Airlines, Inc., 94 F.3d 1437 (10th Cir. 1996), we held that an airline mechanic whose impaired vision prevented him from taxiing aircraft was not disabled under the ADA because he was only disqualified from "a single, particular job." Id. at 1445; see also Bolton v. Scrivner, Inc., 36 F.3d 939, 942 (10th Cir. 1994) (stating that working "does not necessarily mean working at the job of one's choice"). By analogy, Mr. McGuinness must demonstrate that his anxiety impedes his performance in a wide

variety of disciplines, not just chemistry and physics. This he has failed to do.

Moreover, Mr. McGuinness admits that, in the past, he has been able to mitigate his anxiety in chemistry and math by altering his study habits. See Aplt. App. at 19-20. Under the law of this circuit, we must consider the plaintiff's ability to mitigate his impairment in determining if that impairment substantially limits a major life activity. See Sutton, 130 F.3d at 902-3. Just as eyeglasses correct impaired vision, so that it does not constitute a disability under the ADA, an adjusted study regimen can mitigate the effects of test anxiety. See id. at 903.

In the instant case, McGuinness has earned college degrees and pursued a career in the subjects that trigger his anxiety. While he experienced difficulties in his first-year of medical school, his poor performance did not require that he leave the program: He could have repeated the first year. As we held in Sutton, "it is the actual effect on the individual's life that is important in determining whether an individual is disabled under the ADA." Id. at 902. For the purposes of the ADA, inability to pursue one career, such as medicine, does not constitute a severe impact on an individual's life. See, e.g, Welsh v. City of Tulsa, 977 F.2d 1415, 1419 (10th Cir. 1994) (holding that plaintiff was not disabled under the Rehabilitation Act, which defines "disability" the same way as the ADA, merely because he could not be a firefighter).

Even if Mr. McGuinness had shown a disability under the ADA, he could

not demand an unreasonable accommodation from the medical school.  See, e.g., Milton v. Scrivner, Inc., 53 F.3d 1118, 1124 (10th Cir. 1995).   Educational institutions are accorded deference with regard to the level of competency needed for an academic degree.  See Doherty v. Southern College of Optometry, 862 F.2d 570, 575 (6th Cir. 1988)(discussing reasonable accommodations under the Rehabilitation Act).  Requiring the University of New Mexico to advance Mr. McGuinness to the next level of the medical school program would represent a substantial, rather than a reasonable accommodation.  See id. (holding that an education institution is not required to waive a course requirement deemed reasonably necessary for the conferral of an academic degree).  For the foregoing reasons, summary judgment for the medical school is appropriate on Mr. McGuinness' Title II claim.

Because we may treat new issues raised in a plaintiff's response to a summary judgment motion as a request to amend, we also review Mr. McGuinness' § 12112(b)(4) "association discrimination" claim.  See Viernow, 157 F.3d at 790 n.9.  The district court held that Mr. McGuinness did not state a valid cause of action under the ADA's "association discrimination" provision,  § 12112(b)(4), even though it refused to allow him to amend his complaint to include this claim.  See Aplt. App. at 25-26, 164-65.  Although we note that the district court's procedure was inconsistent, we agree that Mr. McGuinness did not

satisfy the basic elements of an "association discrimination" claim.

Because the "association discrimination" provision falls under Title I of the ADA, the plaintiff must show an employment relationship with the defendant. See Den Hartog, 129 F.3d at 1081-82. To state a claim under Title I of the ADA, the defendant must be "an employer, employment agency, labor organization, or joint labor-management committee" that employs the plaintiff. 42 U.S.C. § 12111(2),(4). Mr. McGuinness has failed to show the existence of such an employment relationship between himself and the medical school. Unless a student receives remuneration for the work he performs, he is not considered an employee. See O'Connor v. Davis, 126 F.3d 112, 116 (2d Cir. 1997), cert. denied, 118 S.Ct. 1048 (1998). Nor are medical students, as opposed to medical interns or residents, considered "student employees" of the government. See 5 U.S.C. § 5351(2).

The fact that Mr. McGuinness completed federal employment applications, took a federal oath of office, and was covered by the New Mexico Tort Claims Act, see Aplt. Br. at 39, does not make him an employee of a state-run medical school. An organization, such as a university, may confer certain benefits on an individual and exercise a modicum of control over him without establishing a master-servant relationship. See Graves v. Women's Prof'l Rodeo Ass'n, 907 F.2d 71, 72-73 (8th Cir. 1990). Thus, as a threshold matter, Mr. McGuinness

failed to establish the employment element of his Title I claim.

Neither did Mr. McGuinness satisfy the discrimination element of § 12112(b)(4). He presented evidence that the school knew he had a child with cerebral palsy, but not that such awareness was a "determining factor" in the decision to make him repeat the first-year program. See Den Hartog, 129 F.3d at 1085 (setting forth the elements of a claim under § 12112(b)(4)); Rogers v. Int'l Marine Terminals, 87 F.3d 755, 760-61 (5th Cir. 1996) (affirming summary judgment where plaintiff failed to show that he was terminated because of a relative's disability). Thus, we hold that the medical school is entitled to summary judgment on the "association discrimination" claim as well.

## B. Rehabilitation Act Claim

Mr. McGuinness' cause of action under the Rehabilitation Act, 29 U.S.C. § 794, contains the same flaw as his ADA claims: He has not shown that he suffers from a disability covered by the statute. The Rehabilitation Act proscribes discrimination against disabled persons who are otherwise qualified for participation in programs receiving federal funding, including public universities. See 29 U.S.C. § 794(a), (b)(2)(A). The statute defines "disability" in the same way as the ADA. See Bragdon v. Abbott, 118 S. Ct. 2196, 2202 (1998); Siemon v. AT&T Corp., 117 F.3d 1173, 1176 (10th Cir. 1997).

An impairment limited to specific stressful situations, such as the mathematics and chemistry exams which trigger Mr. McGuinness' anxiety, is not a disability under the Rehabilitation Act. See, e.g., Gonzagowski v. Widnall, 115 F.3d 744, 746-47 (10th Cir. 1997). Nor is granting the plaintiff a passing grade a reasonable accommodation if university officials believe that he has not demonstrated competency in subject matter necessary for a medical degree. See Doherty v. Southern College of Optometry, 862 F.2d 570, 575 (6th Cir. 1998).

## C. Failure to Sanction Defendant

Under the authorization of the district court, a United States magistrate judge sanctioned the plaintiff for violating a court order and Rule 16-402 of the Rules of Professional Responsibility. See Aplt. App. at 5-11. Mr. McGuinness does not appeal this decision. Rather, he asserts that the district court should have addressed misconduct by defense counsel. He contends that, by lodging a complaint with the magistrate judge, defense counsel chilled the flow of information necessary for Mr. McGuinness' case and thus improperly wielded the Rules of Professional Conduct as a tactical weapon.

We review decisions to impose sanctions for abuse of discretion and note that the "[d]etermination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v.

<u>Reynolds</u>, 965 F.2d 916, 920 (10th Cir. 1992).  Here, the magistrate judge decided that plaintiff's counsel improperly obtained an affidavit from an emeritus professor who was the full-time assistant dean of student affairs at the medical school and a member of the steering committee that made decisions regarding Mr. McGuinness' status.  <u>See</u> Aplt. App. at 279.  Plaintiff's counsel violated a protective order barring him from ex parte contact with this individual.  <u>See</u> Aplt. App. at 86.  The magistrate judge did not abuse his discretion in imposing the sanction, nor does the record reflect that he overlooked misconduct by the defendant.  Mr. McGuinness' argument is without merit.

     AFFIRMED.