**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN M. McGUINNESS,

     Plaintiff-Appellant,

v.

REGENTS OF THE UNIVERSITY OF
NEW MEXICO; UNIVERSITY OF
NEW MEXICO OFFICE OF EQUAL
OPPORTUNITY PROGRAMS;
UNIVERSITY OF NEW MEXICO
AFFIRMATIVE ACTION
PROGRAMS COMMITTEE; MARY
SUE COLEMAN, individually and as
Provost/Acting President of the
University of New Mexico; ANNE B.
THOMAS, individually and as
Director, University of New Mexico
Equal Opportunity Programs;
THERESA V. RAMOS, individually
and as Assistant Equal Opportunity
Specialist, University of New Mexico
Equal Opportunity Programs;
THOMASINE P. ROSS, individually
and as Senior or Equal Opportunity
Specialist, University of New Mexico

No. 98-2224
(District of New Mexico)
(D.C. No. CIV-97-437-MV)

Equal Opportunity Programs;
MICHAEL FISHER, individually and
as Chair, University of New Mexico
Affirmative Action Programs
Committee Hearing panel; MAUREEN
SANDERS and FRED PEREZ,
individually and as Members of the
University of New Mexico Affirmative
Action Programs Committee Hearing
Panel and UNKNOWN MEMBERS OF
THE UNIVERSITY OF NEW
MEXICO AFFIRMATIVE ACTION
PROGRAMS COMMITTEE,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BRORBY,** and **MURPHY**, Circuit Judges.

Kevin M. McGuinness appeals the dismissal of his suit against the Regents

of the University of New Mexico (UNM), UNM's Office of Equal Opportunity

Programs, UNM's Affirmative Action Programs Committee, and various

individuals employed by UNM. This court exercises jurisdiction pursuant to 28

U.S.C. § 1291 and **AFFIRMS**.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is McGuinness's third suit against UNM in his attempt to right the wrong he alleges he suffered when he was not allowed to proceed to his second-year of medical school at UNM. McGuinness was a first-year medical student at UNM's medical school in 1992. He was required to take a course in biochemistry. Unfortunately, McGuinness suffers from anxiety attacks when taking chemistry or math tests. McGuinness discussed his anxiety with his professor, and he was told that if he achieved a 70% grade, he would pass the class. Because he did not receive a passing grade, he was required to take a make-up exam in order to pass the course. McGuinness refused. As a result, McGuinness was not permitted to proceed to his second-year of medical school.

On November 27, 1995, McGuinness filed suit in federal district court against UNM's Medical School, alleging violations of the ADA for failure to reasonably accommodate his test anxiety. ( *McGuinness I* ).[1] On August 29, 1996, McGuinness filed suit in state court against the Regents of UNM, alleging tort

---

[1] The district court granted summary judgment for UNM because McGuinness had not proved that he was disabled under the ADA. McGuinness appealed, and this court affirmed, holding that McGuinness was not disabled under the ADA and the accommodation McGuinness sought was not reasonable. *See McGuinness v. University of N.M. Sch. of Med.*, 170 F.3d 974, 978-80 (10th Cir. 1998).

and contract claims, all based upon his dismissal from the medical school. (*McGuinness II* ).[2]

On April 2, 1997, McGuinness filed this suit, alleging violations of the ADA and the Rehabilitation Act of 1973. ( *McGuinness III* ). Specifically, McGuinness asserted that UNM's Office of Equal Opportunity Programs (OEOP) ignored his complaints of discrimination, and when compelled to investigate them by the United States Department of Education, the OEOP performed only a cursory inquiry. McGuinness further alleged that the hearing panel which was convened to review the OEOP's determination denied him due process rights and retaliated against him for bringing his complaints.

The United States District Court for the District of New Mexico granted UNM's motion to dismiss on July 28, 1998, holding that the district court's grant of summary judgment for UNM in *McGuinness I* operated as claim preclusion.

On appeal, McGuinness asserts that the district court erred by: (1) concluding that there was privity between UNM's Medical School and the Regents of UNM; (2) determining that the two causes of action were the same;

---

[2] The District Court of Bernalillo County had granted summary judgment for UNM because McGuinness's claims were barred by the statutes of limitations. McGuinness appealed, and the Court of Appeals for the State of New Mexico affirmed. *See McGuinness v. Regents of the Univ. of N.M.*, No. 19,066 (N.M. Ct. App. Dec. 30 1998).

and (3) ignoring a deficiency which undermined the fundamental fairness of the original proceedings.

The district court found there to be privity between UNM's Medical School and UNM's Board of Regents because the management and control of UNM, including the Medical School, is vested in the Board of Regents by New Mexico statute. *See Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1468-69 (10th Cir. 1993) (stating that privity may be established if the "party to the first suit represented the interests of the party to the second suit" (quotation omitted)). The district court could find no independent status for the Medical School under New Mexico law, and McGuinness offers none on appeal.

Applying the Restatement (Second) of Judgments' transactional approach, the district court also concluded that both suits arose from the same cause of action, namely, McGuinness's displeasure with being dismissed from UNM's Medical School. *See Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1332-33 (10th Cir. 1988) (adopting Restatement's transactional test).

Finally, noting that no procedural limitations were suffered by McGuinness in *McGuinness I*, the district court concluded that McGuinness was afforded a full and fair opportunity to litigate his case in the prior suit. *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990) (inquiring whether there were

"significant procedural limitations in the prior proceeding" in determining whether the party had a full and fair opportunity to litigate).

After a *de novo* review of the parties' briefs and contentions, the district court order, and the entire record on appeal, this court finds no reversible error and affirms for substantially the same reasons set forth in the district court's Order Granting Motion for Dismissal.  The judgment of the United States District Court for the District of New Mexico is **AFFIRMED.**

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge