**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PHILLIP E. HUCKANS,

        Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE, Marvin T. Runyon,
Postmaster General,

        Defendant-Appellee.

No. 99-5020
(D.C. No. CV-97-894-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Phillip E. Huckans appeals from the district court's grant of summary judgment in favor of defendant United States Postal Service on Huckans' claim that the Postal Service discriminated against him in its employment practices in violation of the Vocational Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794. We review the district court's grant of summary judgment de novo, applying the same legal standards used by the district court pursuant to Fed. R. Civ. P. 56(c). *See Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir. 1997). For the reasons stated below, we affirm the district court's decision.

Huckans began working for the Postal Service in 1988, and was a thirty percent disabled veteran, ten percent of which related to a cervical spine problem. In December 1995, Huckans was employed as a full-time letter carrier at the Postal Service's West Tulsa facility when he fell at work and aggravated his back, right hip and right leg. He was treated by medical personnel and returned to work the next day. On March 9, 1996, he experienced an unbearable back pain at work related to his December injury. His medical providers released him from work until April 30. In early April, Huckans requested advance sick leave, submitting medical documentation indicating he would probably be able to return to work. The Postal Service denied this request, ostensibly on the basis that it did not include an expected date for return to duty.

On April 30, Huckans' medical providers released him to return to work with the following restrictions: no prolonged walking, standing, sitting, stooping, squatting or running; no lifting over twenty pounds; and no driving. On that day, he requested that the Postal Service allow him to work on temporary, light duty assignments. He was allowed to return to light work on May 16, working two and one-half hours a day. Huckans requested that he be allowed to receive donated leave under the Postal Service's leave sharing program on May 8. Although his request was denied by mistake, Huckans contends that the effect was to deprive him of his rights.

On June 5, 1996, Huckans' doctor released him to return to work full-time with the only restriction being that he not lift more than thirty-five pounds. He returned to his full-time letter carrier position the next day. He contends that this lifting restriction prevents him from performing all of his carrier duties, but the record does not indicate what duties he cannot perform.

In September 1997, he filed this action alleging that the Postal Service violated the Rehabilitation Act by failing to make reasonable accommodation for his disability. In his complaint, and in his subsequently filed papers, Huckans does not contend that the Postal Service discriminated against him in any way following his return to full-time work on June 6, 1996. Instead, as the district court summarized his claim, he contends that it

violated the Act by discriminating against him based on physical disability; denying [his] request for advanced sick leave on or about April 29, 1996; denying [his] request for donated annual leave on or about May 16, 1996; and denying [him] light duty from April 30, 1996 until May 16, 1996 and denying [him] appropriate light duty from May 16, 1996 until June 6, 1996.

Appellant's App. at 280 (district court's December 23, 1998 order granting summary judgment at 1). In granting summary judgment to the Postal Service, the district court concluded that Huckans' restriction on lifting more than thirty-five pounds was not a substantial enough limitation to qualify him as disabled under the Act. On appeal, Huckans contends that that conclusion was error. He also contends that he presented evidence showing he is entitled to protection under the Act because the Postal Service perceived him as disabled.

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by an Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). To make a prima facie case under the Act, a plaintiff must show (1) that he is a disabled person within the meaning of the Act; (2) that he is otherwise qualified for the job; and (3) that he was discriminated against because of his disability. *See Woodman*, 132 F.3d at 1338. A disabled person within the meaning of the Act is any person who "(i) has a physical or mental impairment

-4-

which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(8)(B) (1996) (recodified in 1998 as 29 U.S.C. § 705(20)(B)).

Huckans claims that he is disabled under the Act because he is substantially impaired in the major life activity of "lifting." In *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174 (10th Cir. 1996), we held that "lifting" is a major life activity. [2] The question then becomes whether Huckans is substantially impaired in that activity because he is restricted to lifting no more than thirty-five pounds.

Before we answer that question, we need to back up a little and explain, as best we can, why it is crucial to Huckans' claim to find this limitation on his ability to lift to be a disability. At first glance, it would appear that this limitation is irrelevant. After all, it was included in his doctor's release that allowed him to return to his regular job on a full-time basis, and it has not prevented him from performing that job, apparently satisfactorily and without any accommodations by the Postal Service. [3] Moreover, he claims the Postal Service discriminated against

---

[2]     In *Lowe*, we were interpreting the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, but ADA cases are generally applicable to Rehabilitation Act cases and vice-versa. *See* 29 U.S.C. § 794(d) (requiring standards applied under ADA to be applied to claims under Rehabilitation Act); *Woodman*, 132 F.3d at 1339 n.8.

[3]     Although Huckans contends that he cannot perform all the duties of his job,
(continued...)

him only during the period *prior* to his return to work with this alleged disability, when his impairments, i.e., lifting no more than twenty pounds, no driving, limited standing, walking and sitting, were even more severe.

These more severe impairments, however, lasted less than three months. Two of the factors relevant to determining whether an impairment "substantially limits" a major life activity are the duration or expected duration of the impairment and the permanent or expected long-term impact of the impairment. *See* 29 C.F.R. § 1630.2(j)(2)(ii), (iii); *McGuinness v. University of N.M. Sch. of Medicine*, 170 F.3d 974, 978 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1357 (1999). Further, the appendix to 29 C.F.R. Part 1630, providing "interpretive guidance," explains that "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, but are not limited to, broken limbs, sprained joints, concussions, appendicitis, and influenza."

Given this criteria for determining whether an impairment "substantially limits" a major life activity, it appears that Huckans presumed--correctly, we might add--that he could not ground his claim on any alleged disability lasting only the three months prior to his return to work. *See Sorensen v. University of*

_____

[3](...continued)
he has not indicated what those unperformed duties are, and neither he nor the Postal Service has indicated that it has had to make any "reasonable accommodations" to allow him to work.

*Utah Hosp.*, ___ F.3d ___, No. 98-4068, 1999 WL 820213, at *3-4 (10th Cir. Oct. 14, 1999) (finding impairment lasting less than three weeks of too short duration to be disability under ADA); *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1998) (same, seven months), *cert. denied*, 119 S. Ct. 1253 (1999); *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 200 (4th Cir.1997) (same, two months); *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (same, less than four months); *McDonald v. Pennsylvania Dep't of Public Welfare, Polk Center*, 62 F.3d 92, 96 (3d Cir. 1995) (same, less than two months). He thus pins his hopes on establishing his thirty-five pound lifting restriction, which apparently has a long term impact, as a disability sufficient to make a prima facie case under the Act.

Even were we to accept the theory behind his claim, it would be of no avail to Huckans because he has not shown that he is substantially limited in his ability to perform a major life activity. We agree with the district court--and with a number of other circuits--that the thirty-five pound restriction is not an impairment substantially limiting the major life activity of lifting. *See Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539-40 (9th Cir. 1997) (finding restriction from lifting more than twenty-five pounds not substantially limiting); *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir.1996) (same), *cert. denied*, 520 U.S. 1240 (1997); *Aucutt v. Six Flags Over Mid-America, Inc.*,

85 F.3d 1311, 1319 (8th Cir.1996) (same); *see also Mondzelewski v. Pathmark Stores, Inc.* , 162 F.3d 778, 785-786 (3d Cir. 1998) (evidence that plaintiff could not lift over fifty pounds or carry over twenty-five pounds frequently combined with plaintiff's "very low employment opportunities" created issue of fact as to whether plaintiff disabled). [4] Huckans' lifting restriction therefore does not qualify him as a disabled person under the Act.

Huckans also argues that he is entitled to protection under the Act because the Postal Service perceived him as disabled. The basis for this contention is his testimony that when he asked for work on April 30, after he had been released for work with the variety of restrictions noted earlier, his supervisor told him there was no work for him and that there was nothing he could do to be productive. However, Huckans also testified that at this same meeting, the supervisor suggested that he request light duty work as allowed under the collective bargaining agreement, and two weeks later, he was provided with a light duty job.

---

[4]       We note that an impairment is substantially limiting when it renders a person unable to perform major life activities that the average person can perform, or when it significantly restricts the condition, manner, or duration under which he or she can perform the major life activity as compared to an average person. *See* 29 C.F.R. § 1630.2(j)(1)(i) & (ii);       *see also Lowe* , 87 F.3d at 1173. Huckans has presented no evidence comparing his lifting restriction with the capabilities of an average person. While such evidence is not necessary where the impairment is facially substantially limiting,       *see id.* at 1174 (not requiring comparative evidence for plaintiff who was "unable to lift items weighing more than fifteen pounds and . . .[who] should lift items weighing less than fifteen pounds only occasionally."), Huckans' failure to present such evidence reinforces the conclusion that his impairment is not substantially limiting.

We do not agree with Huckans that a reasonable factfinder could find this evidence sufficient to show that the Postal Service perceived him as disabled.

The district court correctly concluded that Huckans had not shown he was a disabled individual subject to the protections of the Rehabilitation Act. The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge