F I L E D
United States Court of Appeals
Tenth Circuit

JAN 7 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICIA MITCHELL,

      Plaintiff-Appellant,

v.

WILLIAM J. HENDERSON,
Postmaster General of the United
States, U.S. Postal Service; UNITED
STATES POSTAL SERVICE;
UNITED STATES POSTAL
SERVICE, GENERAL MAIL
FACILITY, DENVER, COLORADO,

      Defendants-Appellees.

No. 99-1205
(D.C. No. 97-WY-2734-WD)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

Plaintiff, an African-American woman, appeals the district court's entry of

summary judgment in defendants' favor on her claims of race discrimination,

brought pursuant to Title VII, 42 U.S.C. §§ 2000e through 2000e-17, and

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

disability discrimination, brought pursuant to the Rehabilitation Act, 29 U.S.C. § 791.[1]  By stipulation, plaintiff dismissed her claims of retaliation and intentional infliction of emotional distress and defendants dismissed their challenge to the federal district court's subject matter jurisdiction.  We exercise appellate jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff, an employee of the United States Postal Service, sustained a repetitive stress injury to her right arm and hand on May 31, 1995.  She filed for worker's compensation benefits and, after a few weeks' delay in processing her claim, she was awarded benefits retroactive to her injury date.  Plaintiff's physician initially limited her ability to lift to five pounds, among other restrictions.  Even so, plaintiff worked for a short time at a light duty position that did not meet with the lifting restrictions imposed by her physician until she was sent home because no work within her restrictions was available.  She alleges that defendants failed, for several months, to accommodate her injury by locating a job that she could perform within the restrictions imposed by her physician.  On November 29, 1995, after her physician authorized her to lift twenty pounds, plaintiff was offered an alternate job, which she accepted.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

For her Title VII claim, plaintiff alleges that she, and other non-white employees, were treated less favorably than white employees in the processing of injury claim forms. According to her, non-white injured employees were not given the proper forms or assisted to complete them, their questions were not answered, and their forms were not processed timely, while white employees received help in completing and filing their injury claim forms and their claims were quickly processed. In addition, plaintiff asserts that injured white employees were given light duty jobs, while non-whites were sent home due to lack of appropriate work. She further claims that a similarly situated white female employee was placed in a light duty job, while plaintiff was told no suitable work was available. Plaintiff's Rehabilitation Act claim is based on defendants' action in sending her home from work because no job within her lifting restriction was available, and in not finding a suitable job for her for several months.

We review de novo the district court's decision to grant summary judgment, "applying the same legal standard as the district court." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1313 (10th Cir. 1999). The moving party must first demonstrate an absence of evidence in support of the non-moving party's claims. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1537 (10th Cir. 1995). Although we will resolve doubts in favor of the non-moving party, "conclusory

-3-

allegations standing alone will not defeat a properly supported motion for summary judgment." White v. York Int'l Corp., 45 F.3d 357, 363 (10th Cir. 1995).

To withstand a motion for summary judgment on her disparate treatment race discrimination claim, plaintiff must meet the initial burden to establish a prima facie case. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). She must show (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; and (3) similarly situated employees were treated differently. See Trujillo v. University of Colo. Health Sciences Ctr., 157 F.3d 1211, 1215 (10th Cir. 1998). Once plaintiff has demonstrated a prima facie case, the burden of production shifts to defendants to show a "legitimate, nondiscriminatory reason" for the adverse employment action. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the employer does so, the burden shifts back to the employee to demonstrate a genuine issue of material fact on the issue of whether the employer's stated reason was unworthy of belief. See id. at 256.

Defendants moved for summary judgment alleging that plaintiff failed to demonstrate a prima facie case of race discrimination based on her deposition, in which she admitted that she had no knowledge of any similarly situated non-minority employee who received different treatment than she had, see Appellant's

App. at 96-97. Therefore, the burden shifted to plaintiff, the non-moving party, to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).

Plaintiff argues on appeal that her amended complaint and affidavit are sufficient to withstand summary judgment. Both documents contain only plaintiff's conclusory beliefs and observations that non-minority employees were treated more favorably than minority employees. See, e.g., Appellant's App. at 3-7, 160. Those conclusory allegations are not supported by evidence and therefore are insufficient to resist summary judgment. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

Plaintiff did produce evidence of a specific employee who she asserted was both white and similarly situated and who was assigned to a light duty job due to an injury, while plaintiff was sent home because no job was available to suit her lifting restriction. The other employee, however, was authorized to lift as much as ten pounds, while plaintiff could lift no more than five pounds. In addition, plaintiff produced no evidence of the other employee's job title, supervisor, pay

rate or other information to establish that her situation was similar to plaintiff's.[2] Accordingly, because plaintiff can point to no one who was not a member of a protected group and whose circumstances were similar to hers who received more favorable treatment than she, she has not established a prima facie case of race discrimination. Summary judgment was, therefore, appropriate.

A prima facie case under the Rehabilitation Act requires a showing that "(1) [plaintiff] is a handicapped person within the meaning of the Act; (2) she is otherwise qualified for the job; and (3) she was discriminated against because of the handicap." Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997). Here, plaintiff failed to show that she was a handicapped person within the meaning of the Act. Her claim is based on defendants' failure to locate a job to accommodate her five-pound lifting restriction from May 31, 1995 to November 29, 1995, when her lifting restriction was raised to twenty pounds and she was placed in a light-duty job. To evaluate whether plaintiff's lifting impairment "substantially limited" a major life activity, see Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1174 (10th Cir. 1996) ("lifting" is major life activity), we examine the duration or expected duration of the impairment and the permanent or expected long-term impact of the impairment. See McGuinness v. University of

---

[2] Because we determine that plaintiff failed to show that the other employee was similarly situated, we do not rely on the absence of proof that the other employee was a non-minority.

N.M. Sch. of Medicine, 170 F.3d 974, 978 (10th Cir. 1998), cert. denied, 119 S. Ct. 1357 (1999); 29 C.F.R. § 1630.2(j)(2)(ii), (iii). We hold that plaintiff's five-pound lifting restriction lasting six months was of insufficient duration to qualify as a disability under the Act. Accordingly, plaintiff failed to establish a prima facie case under the Act, and summary judgment in defendants' favor was correct.

The grant of summary judgment is AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge