10-2580-cv
Brief v. Albert Einstein College of Medicine

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand eleven.

Present:
             JOHN M. WALKER, JR.,
             PETER W. HALL,
             DENNY CHIN,
                          *Circuit Judges.*

_____

JAMES BRIEF,

             *Plaintiff-Appellant*,

             v.                                              No. 10-2580-cv

ALBERT EINSTEIN COLLEGE OF MEDICINE,
YESHIVA UNIVERSITY, JAMES DAVID, M.D.,
NADINE T. KATZ, M.D.,

             *Defendants-Appellees*.

_____

FOR APPELLANT:             RICK OSTROVE, Leeds Morelli & Brown, P.C., Carle Place, N.Y.

FOR APPELLEES:             DANIEL RIESEL, Sive, Paget & Riesel, P.C., New York, NY.

_____

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED** with respect to the dismissal of James Brief's federal claims, and **VACATED AND REMANDED** with respect to the dismissal of Brief's state and city law claims, with instructions that the district court dismiss those latter claims without prejudice.

Plaintiff-Appellant James Brief appeals from the district court's (Daniels, *J.*) grant of summary judgment to Defendants-Appellees Albert Einstein College of Medicine ("Einstein"), its parent, Yeshiva University, and James David and Nadine T. Katz, on Brief's claims that they discriminated against him on account of his disability under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C.R.R § 8-101 *et seq.* Brief challenges the district court's determination that he is not disabled within the meaning of these statutes and that the Defendants did not deny him reasonable accommodation on account of his disability; he has abandoned his retaliation claims as well as his claims against David and Katz, which we therefore do not consider. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.    Federal Claims

As a preliminary matter, because Brief has now graduated from medical school, received his M.D., and is participating in (or has already completed) a pediatrics residency program, his claim for injunctive relief is moot. *See Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir.

1994) (injunctive claims are mooted for university students who graduate because no redress is available). For this same reason, Brief's claim under Title III of the ADA is also moot because that statute allows only for injunctive relief. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right under Title III; he cannot recover damages."). Brief's only remaining federal claim, therefore, is for monetary damages under Section 504 of the Rehabilitation Act.

We review the grant of summary judgment *de novo*, *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), which is appropriate only if "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Section 504 of the Rehabilitation Act, which applies to programs receiving federal financial assistance (and is therefore applicable to Einstein), states that "'[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under' any covered program or activity." *Powell*, 364 F.3d at 85 (quoting 29 U.S.C. § 794(a)). To establish a *prima facie* violation under Section 504, a plaintiff must demonstrate: (1) she is a "qualified individual" with a disability; (2) the defendants are subject to Section 504; and (3) she was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or [was] otherwise discriminated against by defendants, by reason of [her] disabilit[y]." *Id.* (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (alternations in *Powell*)). With respect to this third element, a plaintiff can base a disability discrimination claim on any of "'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure

to make a reasonable accommodation.'" *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quoting *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003)).

For purposes of this appeal, we assume, *arguendo*, that Brief is a "qualified individual" within the meaning of Section 504 of the Rehabilitation Act given his Attention Deficit/Hyperactivity Disorder ("ADHD") diagnosis. But we conclude, as the district court correctly held, that no reasonable jury could find that Brief suffered discrimination on account of his disability or was denied a reasonable accommodation. *Cf. Powell*, 364 F.3d at 87-88 (holding, in the alternative, that even if plaintiff could show that she was a qualified individual, her discrimination claim failed because she offered no proof that she was discriminated against on account of her disability).

Similar to the ADA, the Rehabilitation Act "prohibit[s] discrimination against qualified disabled individuals by requiring that they receive 'reasonable accommodations' that permit them to have access to and take a meaningful part in . . . public accommodations." *Id.* at 85; *see Alexander v. Choate*, 469 U.S. 287, 301 (1985) (under Section 504, "an otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the grantee offers"); *Henrietta D.*, 331 F.3d at 273 (quoting *Alexander*, 469 U.S. at 300-01). As the Supreme Court held in *Alexander*, however, the extent to which a disabled plaintiff is entitled to "meaningful access" is contingent on "two powerful but countervailing considerations—the need to give effect to the statutory objectives and the desire to keep § 504 within manageable bounds." *Alexander*, 469 U.S. at 299, 301; *see Rothschild v. Grottenthaler*, 907 F.2d 286, 292 (2d Cir. 1990) (quoting *Alexander*, 469 U.S. at 299). In this respect, "[a]ccommodations to permit access to handicapped persons should not impose 'undue financial and administrative burdens,'" *Rothschild*, 907 F.2d at

292 (quoting *SE. Cmty. Coll. v. Davis*, 442 U.S. 397, 412-13 (1979)), nor should a covered entity be "required to make 'fundamental' or 'substantial' modifications to accommodate the handicapped," *Alexander*, 469 U.S. at 300. Moreover, "a defendant need not make an accommodation at all if the requested accommodation 'would fundamentally alter the nature of the service, program, or activity,'" *Powell*, 364 F.3d at 88 (quoting 28 C.F.R. § 35.130(b)(7)).

The accommodation at issue here was Brief's request that Einstein "consider[] . . . his disability and subsequent success since being granted . . . extra time on examinations" in deciding whether he should be allowed to continue his studies at the medical school. The district court held that this request for accommodation was unreasonable because it would have required Einstein to overlook Brief's previous exam failures. Brief challenges that determination, asserting that he never requested that his exam failures be ignored or that Einstein waive its academic requirements. Instead, he requested only "some intermediate ground, whereby his now-known disability could be accommodated with a meaningful chance to succeed."

We agree with the district court that Brief's request for accommodation was unreasonable. It is clear from the record that in his written submissions to the Einstein Committee on Student Promotions and Professional Standards (the "Committee"), and in his final appeal to Allen Spiegel, Dean of Einstein, Brief requested that he be permitted to continue his studies at Einstein, despite the fact that, under Einstein's by-laws, his numerous exam failures required that he be dismissed. Thus, notwithstanding Brief's attempts to frame his request otherwise, for Einstein to have granted Brief's requested accommodation and to have allowed him to remain as a student, it would have had to ignore his examination failures as well as its own academic by-laws. Faced with this situation,

Einstein made the permissible—and non-discriminatory—academic decision that permitting Brief to continue would be contrary to its "promulgated academic standards . . . [concerning] failures of examinations."

In these circumstances, we have held that "[w]hen reviewing the substance of a genuinely academic decision, courts should accord the faculty's professional judgment great deference." *Powell*, 364 F.3d at 88 (citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985)). Our decision in *Powell* is instructive in this case. There, the plaintiff was dismissed from medical school after she failed an examination which under its by-laws the school required students, like the plaintiff, to pass as a condition to promotion to their third year of medical school. *See id.* at 82-83. Powell alleged in her disability action that she should be granted the accommodation of continuing onto her third year without passing the examination. *See id.* at 88. Rejecting this argument, we held:

> It was well within UConn's authority to decide that in order for it to adhere to the demanding standards of a medical school responsible for producing competent physicians, it needed to require plaintiff to pass [the examination]. The accommodation requested by plaintiff, that she be allowed to continue in the program without first passing [the exam], would have changed the nature and substance of UConn's program. Other underperforming students were required to prove their mastery of this knowledge before being allowed to advance. Permitting a student who did not definitively prove her mastery of basic medical sciences to advance into the later stages of medical school, and become a treating physician who had direct contact with patients was something the medical school correctly believed would unreasonably alter the nature of its program.

*Id.* Our sister circuits have reached similar conclusions. *See*, *e.g.*, *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1051 (9th Cir. 1999); *McGuinness v. Univ. of N.M. Sch. of Med.*, 170 F.3d 974, 979-80 (10th Cir. 1998); *Kaltenberger v. Ohio Coll. of Pediatric Med.*, 162 F.3d 432, 436-37 (6th Cir. 1998); *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 795 (1st Cir. 1992). Additionally,

-6-

we reject Brief's reliance on the D.C. Circuit's decision in *Singh v. George Washington University School of Medical & Health*, 508 F.3d 1097 (D.C. Cir. 2007). There, the university denied the plaintiff's request for accommodation solely on timeliness grounds. *See id.* at 1105 ("GW points to no major commitment of resources that would be wasted as a result of its having to *consider* Singh's accommodation claim at the time she raised it.") (emphasis added). Here, a reasonable jury could only find that Einstein *did* consider Brief's disability prior to his dismissal, since the Committee solicited testimony from Brief and other witnesses and accepted multiple reports detailing the extent of Brief's mental impairment. Having weighed this evidence, however, Einstein concluded that in light of Brief's numerous exam failures, allowing him to continue as a student would be contrary to the school's academic standards. Under *Powell*, these facts do not present a claim for disability-based discrimination under federal law. *See Powell*, 364 F.3d at 88.

## II.     State and City Claims

Although we conclude that the district court correctly granted summary judgment to the Defendants on Brief's federal claims, his state and city law claims are arguably governed by different legal standards. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) ("[C]laims under the City [Human Rights Law] must be reviewed independently from and more liberally than their federal and state counterparts[.]") (internal quotation marks omitted); *Phillips v. City of New York*, 884 N.Y.S.2d 369, 373 (1st Dep't 2009) ("The State [Human Rights Law] provides protections broader than the Americans with Disabilities Act[.]"). Appellees suggested at oral argument that while the determination of disability may be different under state and municipal law on the one hand, and under federal law on the other, the analysis of accommodation is the same. There may be some merit to this argument with respect to Brief's state law claim, *see Phillips*, 884

N.Y.S.2d at 373 n.3 ("[U]nlike the ADA, the State HRL definition of disability has no requirement that a physical or mental impairment must substantially limit one or more major life activities of an individual."), but it appears unavailing as to Brief's city law claim, *see id.* at 377 (holding that the NYCHRL must be analyzed separately given its "very different conception and statutory architecture of 'reasonable accommodation'"). Nevertheless, because these issues have not been fully briefed and argued and because the law of New York in regard to relative state and federal disability claim analysis is still developing, we see no reason to decide them in this appeal, especially considering the district court's limited analysis of Brief's non-federal claims. Instead, in the absence of any continuing basis for federal question jurisdiction, we leave these issues to the parties to pursue in state court if the plaintiff seeks to reinstate his state and city law claims in that forum. *See Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) ("[I]n the absence of any remaining federal claims, the appropriate analytic framework to be applied to discrimination claims based on a 'disability' as defined by New York state and municipal law is a question best left to the courts of the State of New York.").

We therefore **VACATE** the district court's judgment with respect to Brief's New York State and City law claims and **REMAND** with instructions that the district court dismiss these claims without prejudice. We **AFFIRM** the district court's judgment in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-8-